No. 7831.

## D. M. Osborn & Co. *v.* Guffin.

CONTRACT.—*Practice.*—*Verdict.*—*Evidence.*—A., being the general agent of a foreign corporation, appointed B. a local agent, under a written contract providing that B. should sell goods on credit only to persons owning a certain amount of property or furnishing satisfactory security, and holding B. personally liable for sales made otherwise. Complaint against B., alleging a breach of this contract on his part and seeking to enforce payment of a debt created contrary to said provisions; B. answered that the sale was made and unsecured notes taken, by the order and direction of A., under which evidence was given tending to prove it; verdict and judgment for defendant.

*Held*, that, as there was evidence to support the verdict, the judgment will not be disturbed by the Supreme Court.

From the Rush Circuit Court.

*L. Sexton* and *C. Cambern*, for appellant.
*J. W. Study*, *J. J. Spann* and *J. Q. Thomas*, for appellee.

NEWCOMB, C.—The appellant is a New York corporation engaged in the manufacture and sale of reaping and mowing machines, with a branch office for the Western States, at Cleveland, Ohio. In May, 1875, the appellant, by Thomas W. Hall, the agent of said corporation, entered into a written contract with the appellee, by which the latter was appointed a local agent to sell the machines of appellant in the vicinity of Rushville, Indiana, and by said contract the appellee bound himself not to sell said machines on credit, except to such persons as were known to be perfectly good and responsible, owners of real estate worth, over and above all incumbrances, from fifteen hundred to two thousand dollars, or to require good and ample security by one or more good endorsers on the notes, or in some other way. Failing to comply with this stipulation, and the debt proving not collectible, the appellee agreed to assume and pay the same.

The complaint alleged, as a breach of the contract, that, on July 1st, 1875, the appellee sold one of said machines to one Frakes, for $160, and took the promissory notes of said

Frakes therefor, without any security; that said Frakes was not the owner of any real estate, and was insolvent when the notes were taken, and so continued, etc.

The second paragraph of the answer was as follows: "Defendant, for second and further answer, says that said sale of said reaper to said Frakes, and the notes taken therefor, were done by this defendant, at the special request and instructions of one Thomas Hall, who was, at that time, a general travelling agent of said plaintiff, with full power to sell plaintiff's reapers and mowers in Rush and adjoining counties, and with the authority to abridge or modify the contracts or agreements of plaintiff's agents in said Rush and adjoining counties; that this defendant objected and refused to make said sale to said Frakes, and take the notes as they were taken, until he was ordered to do so by said Hall."

On this answer, and a reply in denial, and an answer in denial of the complaint, the cause was submitted to a jury. Verdict for the defendant, motion for a new trial overruled, and judgment in favor of the appellee.

The only assignment of error is the overruling of the motion for a new trial, and the only point discussed in this assignment is, that there was no evidence to justify the verdict. The appellant insists that there was no evidence that Hall authorized the appellee to sell the reaper to Frakes, without taking security for the payment of the notes, and that, if there was evidence from which the jury could find such fact, still there was an entire failure of evidence that Hall was authorized to change or modify the written contracts.

The defendant testified that, before the harvest of 1875, Hall was in Rushville and asked him if he knew of anybody likely to buy machines. He told Hall that Frakes had talked about buying a reaper; that, at Hall's request, defendant went with him to see Frakes, and Hall talked with the latter about buying the reaper. Frakes offered to trade a mare and colt for $125, as a part payment, but Hall

said he was too far from home to take the mare and colt, and insisted that Frakes should purchase the reaper, give his individual notes therefor, and turn the money in on the notes when he sold the mare and colt. They talked for a considerable time, but no trade was then made. The witness further testified: "I asked Hall if he would take Frakes' individual notes, without security, in view of the prospects. Hall said yes, he would sell him the machine if he could get him to buy, for he thought he was all right—this in Frakes' presence. We then came to town." He further testified that the reaper was afterward sold to Frakes, by the authority of a letter received by him from Hall. The letter was subsequently put in evidence by the plaintiff, as follows:

"CLEVELAND, O., July 13th, 1875.

"John P. Guffin, Rushville, Ind.

"Dear Sir:—Your favor of the 9th ult. at hand, and in reply would say, close the Burdick out so as to make it net us $110 October 1st, 1876, and the Wheeler $135 October 1st, 1876. This will enable you to sell them surely. You can sell the Wheeler to the little man north of town for $160 without any trouble. Stretch the time and close the machines out at all hazards.     D. M. OSBORN & CO.,

"T. W. HALL."

The defendant testified that the little man north of town, referred to in the letter, was Frakes. Frakes testified to the visit of Hall and the defendant to him, and gave substantially the same account of the interview as that given by the defendant. In relation to what passed between him and Hall about giving his notes, the witness stated: "I said I was afraid I could not make payment of the notes; my best recollection is, he said he would risk it."

We think the jury was justified, on this evidence, in finding that the sale to Frakes was made by Hall, and not by the defendant under his contract of agency. In this view

of the case, no question arises as to the authority of Hall to change or modify the contract sued on. That he was the general agent of the plaintiff, for this State, was proven by both parties, and that he had power to sell, in person, the machines of the plaintiff, seems unquestionable.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of the appellant.